UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

KIMBERLY HYATT,

Petitioner,

v.

NOEL BARLOW-HUST,

Respondent.

Case No. 4:15-cv-00039-BLW

**MEMORANDUM DECISION AND ORDER**

Pending before the Court is Petitioner Kimberly Hyatt's Petition for Writ of Habeas Corpus. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal. (Dkt. 12.) Petitioner has not responded to the Motion. Instead, Petitioner has filed a "Motion of Response," in which Petitioner requests that the Court dismiss at least one of her claims and allow her "to resubmit a brand new motion for [Idaho Criminal] Rule 35 and also a motion for new counsel in regards to a new Rule 35." (Dkt. 16.)

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d).

Accordingly, the Court enters the following Order denying Petitioner's Motion of Response, granting Respondent's Motion for Summary Dismissal, and dismissing Petitioner's claims with prejudice as procedurally defaulted.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Hyatt*, Case No. 41527, Op. 546 (Idaho Ct. App. June 4, 2014) (per curiam) (unpublished), which is contained in the record at State's Lodging B-4. The facts will not be repeated here except as necessary to explain the Court's decision.

Petitioner pleaded guilty in the Third Judicial District in Canyon County, Idaho, to three counts of delivery of a controlled substance, in violation of Idaho Code §37-2732(a)(1)(A). (State's Lodging B-4 at 1.) She was sentenced to concurrent unified terms of twenty years in prison with eight years fixed, but the trial court retained jurisdiction for one year and placed Petitioner on a rider. (*Id*.; State's Lodging A-1 at 45-47.) After the period of retained jurisdiction, the court relinquished jurisdiction and ordered that Petitioner serve her underlying sentences. (State's Lodging A-1 at 64; B-4 at 1.)

Petitioner then filed a motion for reduction of sentence under Idaho Criminal Rule 35, arguing that her sentence was excessive under Idaho law. (State's Lodging A-1 at 66-67.) The trial court denied the motion, and the Idaho Court of Appeals affirmed. (*Id*. at 77-79; State's Lodging B-4.) The Idaho Supreme Court denied review and issued the remittitur. (State's Lodging B-6 & B-7.)

Shortly thereafter, Petitioner filed a petition for state postconviction relief, asserting that she received ineffective assistance of counsel in her Rule 35 proceeding

based on counsel's (1) "lack of communication," (2) failure to notify Petitioner of an order granting her additional time to submit information, and (3) deficient performance with respect to Petitioner's Rule 35 motion. (State's Lodging C-1 at 2-3.) After Petitioner was appointed counsel, she filed an amended postconviction petition alleging that her trial counsel rendered ineffective assistance in failing to inform Petitioner that the trial court had granted her additional time to submit information in support of her Rule 35 motion. (State's Lodging C-5 at 2.) The trial court notified Petitioner that it intended to dismiss the amended petition for lack of prejudice because the additional information would not have resulted in a grant of her Rule 35 motion. (State's Lodging C-6 at 3.) Petitioner did not respond to the notice of intent to dismiss, and the trial court dismissed the postconviction petition. (State's Lodging C-7.) Petitioner did not appeal. (*See* State's Lodging C-9.)

In the instant federal habeas corpus petition, Petitioner asserts the following claims:

| | |
|---|---|
| Claim 1: | Ineffective assistance of trial counsel based on counsel's alleged promise that Petitioner would be placed on a retained jurisdiction program and failure to discuss the possibility of a twenty-year prison sentence. |
| Claim 2: | Ineffective assistance of counsel based on counsel's failure to adequately pursue Petitioner's Rule 35 motion. |
| Claim 3 | Ineffective assistance of postconviction counsel based on counsel's alleged failure to comply with court orders or to communicate adequately with Petitioner. |

(Dkt. 3 at 2-4.)

## PETITIONER'S "MOTION OF RESPONSE"

In Petitioner's Motion of Response, Petitioner asks that the Court "dismiss all claims and motions on current Rule 35" and asks that the Court allow her "to resubmit a brand new motion for rule 35 and also a motion for new counsel in regards to a new Rule 35." (Dkt. 16 at 1-2.) It appears that Petitioner is asking the Court to order the Idaho state courts to appoint counsel for Petitioner and to consider a new Rule 35 motion filed by Petitioner.

However, the Court lacks authority to order the state courts to conduct proceedings regarding a collateral challenge to a conviction. Rather, the Court's authority is limited to the issuance of a writ of habeas corpus, in the event it determines that a petitioner's conviction or sentence violates the Constitution. Therefore, the Court will deny Petitioner's Motion of Response.

Further, the Court declines to grant Petitioner's request to voluntarily dismiss any of her instant habeas claims because, as set forth below, all of her claims are procedurally defaulted.

## RESPONDENT'S MOTION FOR SUMMARY DISMISSAL

Respondent argues that Petitioner's all of Petitioner's claims are procedurally defaulted. For the following reasons, the Court agrees.

### 1. Standards of Law

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district

court." A court may also take judicial notice of relevant state court records in determining whether to dismiss a petition.[1] Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis,* 874 F.2d 599, 602 (9th Cir. 1989).

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of her federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear

---

[1] The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on May 29, 2015. (Dkt. 11.)

that, for proper exhaustion, a petitioner must bring her federal claim before the state court by "explicitly" citing the federal legal basis for that claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d at 1093-94 (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

If a petitioner's claim is procedurally defaulted, a federal district court cannot hear the merits of the claim unless the petitioner meets one of two exceptions: (1) a showing of actual innocence, which means that a miscarriage of justice will occur if the

constitutional claim is not heard in federal court, *Schlup v. Delo*, 513 U.S. 298, 329 (1995); or (2) a showing of adequate legal cause for the default and prejudice arising from the default, *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are federal *procedural* arguments that, if sufficiently established by the petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

**2. Petitioner's Claims Are Procedurally Defaulted and Must Be Dismissed**

The simplest manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings. The only such claim—which Petitioner asserted during her Rule 35 proceedings—was the claim that her sentence was excessive under Idaho law. Petitioner did not assert any of her current claims in those proceedings.

Further, although Petitioner filed a state postconviction petition asserting ineffective assistance of counsel, she did not appeal the dismissal of that petition. (State's Lodging C-9.) Therefore, Petitioner failed to properly exhaust any of her instant habeas claims in state court. Because there is no longer any mechanism by which to do so, her claims are procedurally defaulted.

Petitioner does not contend that cause and prejudice or actual innocence excuses the procedural default of her claims. Therefore, the Petition must be dismissed with prejudice.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion of Response (Dkt. 16) is DENIED.

2. Respondent's Motion for Summary Dismissal (Dkt. 12) is GRANTED, and the Petition is DISMISSED with prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, she must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

UNITED STATES COURTS DISTRICT OF IDAHO

DATED: January 8, 2016

B. Lynn Winmill
Chief Judge
United States District Court